## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **EDWARD PINN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-cv-3126** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **HEALTHCARE AND FAMILY** | ) | |
| **SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Defendant Illinois Department of Healthcare and Family Services' (the "Department") Motion for Summary Judgment (d/e 24). For the reasons set forth below, Department's Motion (d/e 24) is GRANTED IN PART and DENIED IN PART.

## I.    INTRODUCTION

On May 15, 2019, Plaintiff Edward Pinn filed a three-Count Complaint against Department. (d/e 1). In the Complaint, Plaintiff alleged Department discriminated against him because of his age in violation of the Age Discrimination in Employment Act, and his race

in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),
when Department failed to promote him to the Bureau Chief
position.  Plaintiff also alleged Department was retaliated against
for engaging in protected activity in violation of Title VII.  On March
22, 2022, Department moved for summary judgment under Rule 56
of the Federal Rules of Civil Procedure, arguing that Department is
entitled to judgment as matter of law on each of Plaintiff's claims
(d/e 24, 25).  On May 18, 2022, Plaintiff filed his Response (d/e 29).
On July 1, 2022, Department filed its Reply (d/e 31).

On January 31, 2023, the Court directed both parties to
supplement their filings relating to the summary judgment motion.
On February 23, 2023, Plaintiff filed his Supplemental Memo in
Opposition to Summary Judgment (d/e 36).  On March 3, 2023,
Department filed its Supplement to its Motion for Summary
Judgment (d/e 38).

## II.   JURISDICTION AND VENUE

The Court has subject matter jurisdiction over Plaintiff's
claims because they are brought pursuant to federal statutes.  See
28 U.S.C. § 1331 ("The district courts shall have original
jurisdiction of all civil actions arising under the Constitution, laws,

or treaties of the United States.").  The events giving rise to

Plaintiff's claims occurred in Sangamon County, Illinois, which is

located within the boundaries of the Central District of Illinois.

Venue is therefore proper in this district.  See 28 U.S.C. § 1391(b)(2)

(stating that a civil action may be brought in "a judicial district in

which a substantial part of the events or omissions giving rise to

the claim occurred").

### III.  FACTS

The Court draws the following facts from the parties' Local

Rule 7.1(D)(1)(b) statements of undisputed material facts.  The

Court discusses any material factual disputes in its analysis.

Immaterial facts or factual disputes are omitted.  Any fact

submitted by any party that was not supported by a citation to

evidence will not be considered by the Court.  See Civil LR

7.1(D)(2)(b)(2).  In addition, if any response to a fact failed to

support each allegedly disputed fact with evidentiary

documentation, that fact is deemed admitted.  Id.

Plaintiff Edward Pinn ("Plaintiff") was employed by Defendant

Department of Healthcare and Family Services ("Department") at all

relevant times as an Internal Security Investigator 2 in the

Department's Inspector General's Office's Bureau of Internal Affairs. Plaintiff is a non-veteran, Black male who was 56 years old at the time of the alleged adverse action.

Central Management Services (CMS) has the authority to promulgate rules for all positions with the State of Illinois. CMS is responsible for establishing lists of eligible applicants for appointment and promotion to certain positions. CMS may use rankings such as superior, excellent, well-qualified, and qualified to classify applicants. Illinois law also provides for a hiring and promotion preference for veterans. When a position uses category ratings, such as the position here, "the veteran eligible in each category shall be preferred for appointment before the non-veteran eligible in the same category." 20 ILCS 415/8b.7. As a result, if both a veteran and non-veteran apply for a job and are both rated as "well-qualified," the veteran must be hired for the position. Id.

On June 21, 2018, Department posted a job opening for the position of Chief of Department's Bureau of Internal Affairs. Plaintiff applied. At the time Plaintiff applied to the June 2018 job posting, CMS rated Plaintiff as "well-qualified," or an "A" grade.

On July 2, 2018, Department reposted the job posting, and Plaintiff again applied.  A total of twelve individuals applied for the position.  Joshua Hughes, a White male aged 40 at the time of the alleged adverse action, was the only applicant who had both an "A" grade and veterans' preference.  Department only interviewed Hughes for the Bureau Chief position and ultimately hired him.

## IV.   LEGAL STANDARD

Summary judgment under Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  On such a motion, the facts, and all reasonable inferences derived therefrom, are viewed in the light most favorable to the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Blasius v. Angel Auto., Inc., 839 F.3d 639, 644 (7th Cir. 2016) (citing Cairel v. Alderden, 821 F.3d 823, 830 (7th Cir. 2016)).

In employment discrimination cases, summary judgment is inappropriate when the evidence, considered as a whole, would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the

discharge or other adverse employment action." <u>Ortiz v. Werner Enters., Inc.</u>, 834 F.3d 760, 765 (7th Cir. 2016).  A genuine dispute as to any material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The moving party bears the burden of establishing that there is no genuine dispute as to any material fact.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Modrowski v. Pigatto</u>, 712 F.3d 1166, 1168 (7th Cir. 2013) (explaining that Rule 56 "imposes an initial burden of production on the party moving for summary judgment to inform the district court why a trial is not necessary" (citation omitted)).  After the moving party does so, the non-moving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson,</u> 477 U.S. at 255 (quotation and footnotes omitted).  Summary judgment is only warranted when the moving party carries its initial burden and the non-moving party cannot establish an essential element of its case on which it will bear the burden of proof at trial.  <u>Kidwell v. Eisenhauer</u>, 679 F.3d 957, 964 (7th Cir. 2012).

## V.   ANALYSIS

Plaintiff alleged that Department discriminated against Plaintiff in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), and that Department unlawfully retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).  Department moves for summary judgment on each claim.

## A.      Department's Statement #20 of Material Facts Is Based on Admissible Evidence.

As a preliminary matter, Plaintiff disputes Department's Statement #20 of material facts, arguing that it is not based upon admissible evidence.  d/e 29, p. 3.  In Response, Department argues "[c]ontrary to Plaintiff's assertion, this act is based on admissible evidence.  Further, Plaintiff has offered no admissible evidence to counter HFS' explanation that the initial June 2018 job posting was an error."  d/e 31, p. 2.  Prior to the Court's ruling on Department's Motion for Summary Judgment, the Court examines the admissibility of Department's Statement #20.

Department's Statement #20 of material facts states "No one was selected to fill the Bureau Chief Position as a result of the June

2018 posting; rather, HFS determined that there was an error with the posting and removed it." d/e 25, p. 5. Department cites to its Exhibit 4, a deposition of Plaintiff, and Exhibit 5, a declaration by Ruth Ann Day, the Assistant Administrator of the Division of Personnel and Administrative Services for the Illinois Department of Healthcare and Family Services, for evidentiary support for Statement #20.

Under Federal Rule of Civil Procedure 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Evidence offered to support or oppose summary judgment must be admissible at trial. <u>Luster v. Ill. Dep't of Corr.</u>, 652 F.3d 726, 731 (7th Cir. 2011). Although Plaintiff does not identify on what grounds Department's Statement #20 is inadmissible, the Court presumes that he contends inadmissibility on the basis of Federal Rule of Civil Procedure 56(c)(4), which provides that a declaration used to support a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Although personal knowledge may

include reasonable inferences, those inferences must be "grounded in observation or other first-hand personal experience.  They must not be flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." Visser v. Packer Eng'g Assocs., Inc., 924 F.2d 655, 659 (7th Cir. 1991).

The Court finds that Day's declaration comports with Rule 56(c)(4).  Day establishes her competency to testify on the matters stated, referencing her familiarity with the Illinois Personnel Code and "documents created in the regular course of hiring state employees."  d/e 25, Ex. 5, ¶ 1.  Although Day admits no personal knowledge as to why the posting was cancelled ("I do not have personal knowledge as to why this posting was cancelled"), she makes a reasonable inference given her role and responsibilities as Administrator ("but records kept in the regular course of business by HFS reflects that HFS' Division of Personnel determined that there was an error with the posting.").  Id. at ¶ 12.  Accordingly, Day's declaration is appropriate evidence to be considered at summary judgment.

**B.    Department Is Not Entitled to Summary Judgment on Count I: Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964 and Count II: Age**

**Discrimination in Violation of the Age Discrimination in Employment Act.**

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race[.]"  42 U.S.C. § 2000e-2(a)(1).  Similarly, the ADEA makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's age."  29 U.S.C. § 623.

The ultimate legal standard on a summary judgment motion seeking to defeat a Title VII and ADEA claim is "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race . . . or other proscribed factor caused the discharge or other adverse employment action."  Ortiz v. Werner Enters., Inc., 834 F.3d 760, 765 (7th Cir. 2016).  A Title VII claim only requires that race is a "motivating factor," while an ADEA claim examines whether age was the "but for" cause of the alleged discriminatory action.  Igaski v. Ill. Dep't of Fin. & Prof'l Reg., 988 F.3d 948, 960 (7th Cir. 2021).

A plaintiff can "avert summary judgment . . . either by putting in enough evidence, whether direct or circumstantial, of

discriminatory motivation to create a triable issue or by establishing a prima facie case under the McDonnell Douglas formula." Sheehan v. Daily Racing Form, Inc., 104 F.3d 940, 940 (7th Cir. 1997) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 793 (1973)).  Apart from direct evidence of animus, such as express statements indicating a preference for or animosity against a protected group, circumstantial evidence generally includes evidence "from which an inference of discriminatory intent might be drawn."  Troupe v. May Dept. Stores Co., 20 F.3d 734, 736 (7th Cir. 1994).  Such evidence includes "(1) ambiguous statements or behavior towards other employees in the protected group; (2) evidence, statistical or otherwise, that similarly situated employees outside of the protected group systematically receive better treatment; and (3) evidence that the employer offered a pretextual reason for an adverse employment action."  Morgan v. SVT, LLC, 724 F.3d 990, 995–996 (7th Cir. 2013).  However, no single type of circumstantial evidence is more persuasive than another, and each kind is sufficient by itself.  Troupe, 20 F.3d at 736.  Still, summary judgment for a defendant is appropriate if the plaintiff cannot assemble enough circumstantial evidence to allow a trier of fact to

conclude that "it is more likely than not that discrimination lay behind the adverse action." Morgan, 724 F.3d at 996.

### 1. Plaintiff Has Made a Prima Facie Case of Discrimination.

Both parties rely on the McDonnell Douglas framework, so the Court will as well.  Under the McDonnell Douglas framework, a plaintiff establishes a prima facie case of discrimination by showing that (1) he is a member of the protected class; (2) he applied and was qualified for the position sought; (3) he was rejected for the position; and (4) the employer hired someone outside the protected group who was not better qualified than the plaintiff.  Chatman v. Bd. of Educ. of the City of Chicago, 5 F.4th 738, 746 (7th Cir. 2021) (citing Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church, 733 F.3d 722, 728–29 (7th Cir. 2013)).

In Plaintiff's Response, Plaintiff claims Department "does not challenge [Plaintiff's] ability to set out a prima facie case of either age or race discrimination."  d/e 29, p. 6.  To the contrary, Department indicated in its briefing that it was "assuming, arguendo, that Plaintiff can establish a prima facie case of discrimination because the lack of pretext is a dispositive issue."

d/e 25, p. 22 n.5.  As a result, the Court considers whether Plaintiff can establish a prima facie case of discrimination.

The first three prongs of the McDonnell Douglas framework are not in dispute.  However, in Department's Response, Department argues that Plaintiff failed to establish a prima face case because Hughes was better qualified than Plaintiff because Hughes was the sole applicant for the position of Bureau Chief who had an "A" grade and was a veteran.  d/e 31, p. 3.  In Plaintiff's Supplemental Response to Department's motion for Summary Judgment, Plaintiff argues that the veteran preference is not a qualification for the position, so it cannot be used as a basis to determine that Hughes was more qualified.  See d/e 36, p. 3.

The Court agrees with Plaintiff.  Department's reference to Illinois law stating "[a] veteran must receive an offer for the job before nonveterans of the same category," Denton v. Civil Serv. Comm'n, 176 Ill. 2d 144, 150 (1997), speaks to the "legitimate, non-discriminatory reason" for Department's hiring of Hughes, not to the qualification of either Hughes or Plaintiff.  Johnson, 733 F.3d at 728 (if the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory

reason for the adverse employment action).  CMS gave both Plaintiff
and Hughes an "A" grade, so they were equally qualified for the
position.  Plaintiff has established a prima facie case of race and age
discrimination.

### 2. A reasonable jury may find that Department's legitimate, non-discriminatory reason for hiring Mr. Hughes was pretextual.

If the Plaintiff establishes a prima facie case, the burden shifts
to the defendant to articulate a legitimate, nondiscriminatory
reason for the adverse employment action.  Johnson, 733 F.3d at
728.  If the employer supplies a legitimate, nondiscriminatory
reason, the burden then shifts back to the plaintiff to produce
evidence that the defendant's reason is pretext for discrimination.
Id.  Pretext "means a lie, specifically a phony reason for some
action."  Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir. 1995);
see also O'Leary v. Accretive Health, Inc., 657 F.3d 625, 635 (7th
Cir. 2011) ("The question is not whether the employer's stated
reason was inaccurate or unfair, but whether the employer honestly
believed the reasons it has offered to explain the discharge.").
"Pretext may be established directly with evidence that [the
employer] was more likely than not motivated by a discriminatory

reason, or indirectly by evidence that the employer's explanation is not credible." <u>Sarsha v. Sears, Roebuck & Co.</u>, 3 F.3d 1035, 1039 (7th Cir. 1993).  Indirect evidence of pretext showing that an employer's proffered reasons are not credible may be made by demonstrating that the reasons are factually baseless, were not the actual motivation for the discharge, or were insufficient to motivate the discharge.  <u>Jackson v. E.J. Brach Corp.</u>, 176 F.3d 971, 983 (7th Cir. 1999).  Yet, "a showing of pretext alone is not enough; the plaintiff must also show that the explanations are a pretext for the prohibited animus." <u>Hitchcock v. Angel Corps, Inc.</u>, 718 F.3d 733, 740 (7th Cir. 2013).

Plaintiff concedes that Department's explanation for hiring Hughes, that Hughes had an absolute right to the position under Illinois law because he had an "A" qualification and was a veteran, is a legitimate explanation.  d/e 29, p. 7.  However, Plaintiff argues that there is a dispute of material fact because Department initially posted the job listing on June 21, 2018, took it down, and then reposted it on July 2, 2018.  Plaintiff argues that Department's proffered reason that it was an error is pretextual because Department has not explained how it was an error and the job

posting was identical.  <u>See</u> d/e 29, p. 9–10.  Plaintiff further asserts that the posting was taken down in the hopes that someone else would apply.  <u>Id.</u> at 10.

The Court finds that a reasonable jury may find Department's explanation for its decision to hire Hughes over promoting Plaintiff is pretextual.  Granted, there are several factors that favor the Department.  The Court "do[es] not sit as a kind of 'super-personnel department' that reexamines an entity's business decisions."  <u>Dale v. Chicago Tribune Co.</u>, 797 F.2d 458, 464 (7th Cir. 1986).  Department provided, and has maintained, a legitimate explanation of its hiring process, citing an Illinois law providing preference to veterans between candidates of the same qualification score.  <u>See</u> 20 ILCS 415/8b.7; <u>cf.</u> <u>Rudin v. Lincoln Land Cmty. Coll.</u>, 420 F.3d 712, 726 (7th Cir. 2005) ("One can reasonably infer pretext from an employer's shifting or inconsistent explanations for the challenged employment decision.").  Plaintiff has not demonstrated that this practice was unusual.  <u>See</u> <u>Jones v. Ill. Dep't of Transp.</u>, No. 99 C 0266, 2001 WL 1545882, at *3–4 (N.D. Ill. Nov. 27, 2001) (rejecting race discrimination claim because state followed its usual practice of first giving hiring preference to veterans with an "A" grade and

hiring non-veterans with an "A" grade only if positions remained open after hiring all veterans with an "A" grade). Moreover, Department's decision to take down the initial job posting and repost it is a business decision dealing with its hiring process. In Department's Supplemental Declaration of Day, Day further explained the "mistake" that caused Department to take down the initial job posting. d/e 38, Ex. 1, p. 1. Department's hiring sequences are posted for ten business days, but the original hiring sequence for the initial job posting only provided for nine business days because a holiday was included in the original calculation. Id. Once this oversight was discovered, the initial job posting was taken down, and the posting was later re-posted. Id.

But reading the facts in Plaintiff's favor, he has produced sufficient evidence from which a jury could reasonably conclude that Department refused to promote him because of age or race. The Court requested that Department provide the applications to the initial job posting, which Department could not locate. d/e 38, Ex. 1. A reasonable juror may find that Plaintiff applied to the position when the job posting was originally listed, but Hughes did not. A reasonable juror may find that Department may have

reviewed the applications it received, upon review realized Plaintiff was the best candidate, and took steps to take down and re-post the job listing upon this realization.  A reasonable juror could find that Department's posting, taking down, and re-posting of the job listing was to prevent Plaintiff from receiving the position. Therefore, the undisputed facts, viewed in the light most favorable to Plaintiff, demonstrate that there is a genuine dispute of material fact that Department's legitimate reason for hiring Hughes was pretextual.

**C.    Department Is Entitled to Summary Judgment on Count III: Retaliation in Violation of Title VII of the Civil Rights Act of 1964.**

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by" Title VII.  42 U.S.C. § 2000e-3(a).  Prior to initiating a Title VII action in court, a plaintiff must file a charge with the Equal Employment Opportunity Commission (EEOC).  § 2000e-5(e)(1), (f)(1).  Generally, a Title VII plaintiff may not bring claims not initially contained in his EEOC charge.  Cheek v. W&S Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994).  Plaintiff does not challenge the

determination of the temporary filling of the Bureau Chief position and acknowledges that "his retaliation claim cannot be considered because it was not brought before the EEOC."  d/e 29, p. 5. Therefore, Department's Motion for Summary Judgment (d/e 24) is GRANTED as to the Title VII claim in Count III of the Complaint.

## VI.   CONCLUSION

For the reasons stated above, Defendant Illinois Department of Healthcare and Family Services' Motion for Summary Judgment (d/e 24) is GRANTED IN PART and DENIED IN PART.  Summary judgment is granted against Plaintiff and in favor of Defendant as to Count III of Plaintiff's Complaint (d/e 1).  Counts I and II of Plaintiff's Complain remain pending against Defendant Illinois Department of Healthcare and Family Services.  A status conference is set for Wednesday, April 19, 2023, at 2:30 P.M. via videoconference to schedule final pretrial conference and jury trial dates.

**IT IS SO ORDERED.**
**ENTERED: March 27, 2023.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**